Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
CARLOS ALBERTO QUITO LLIGUICOTA, individually and on behalf of all others similarly situated,

                      Plaintiff,

   -against-

HAIAN HONEST RENOVATION INC., and HAI WANG, ZEMEI WANG and JILIN ZHONG, as individuals,

                      Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, **CARLOS ALBERTO QUITO LLIGUICOTA**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, through undersigned counsel, brings this action against **HAIAN HONEST RENOVATION INC., and HAI WANG, ZEMEI WANG and JILIN ZHONG, as individuals** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **HAIAN HONEST RENOVATION INC.,** located at 41-85 Frame Pl, Bsmt, Flushing, NY 11355.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

7. Plaintiff CARLOS ALBERTO QUITO LLIGUICOTA residing in Sunnyside, NY 11104, was employed by Defendants at HAIAN HONEST RENOVATION INC., located at 41-85 Frame Pl, Bsmt, Flushing, NY 11355, from in or around June 2018 until in or around November 2024.

### *Corporate Defendant*
### HAIAN HONEST RENOVATION INC.

8. Defendant, HAIAN HONEST RENOVATION INC., is a domestic business corporation organized under the laws of New York with a principal executive office and service of process address at 41-85 Frame Pl, Bsmt, Flushing, NY 11355.

9. At all relevant times hereto, Defendant HAIAN HONEST RENOVATION INC., through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees including Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.

10. Accordingly, at all relevant times hereto, Defendant HAIAN HONEST RENOVATION INC. was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

11. At all times relevant to the allegations contained in the complaint, Corporate Defendant was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that HAIAN HONEST RENOVATION INC., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## *Individual Defendants*
## **HAI WANG, ZEMEI WANG and JILIN ZHONG**

12. At all relevant times hereto, Defendants HAI WANG, ZEMEI WANG and JILIN ZHONG, own and operate HAIAN HONEST RENOVATION INC.
13. Upon information and belief, Defendants HAI WANG, ZEMEI WANG and JILIN ZHONG are agents of HAIAN HONEST RENOVATION INC.
14. At all relevant times hereto, Defendants HAI WANG, ZEMEI WANG and JILIN ZHONG are responsible for overseeing the daily operations of HAIAN HONEST RENOVATION INC.
15. At all relevant times hereto, Defendants HAI WANG, ZEMEI WANG and JILIN ZHONG have the power and authority over all the final personnel decisions at HAIAN HONEST RENOVATION INC.
16. At all relevant times hereto, Defendants HAI WANG, ZEMEI WANG and JILIN ZHONG have the power and authority over all final payroll decisions of HAIAN HONEST RENOVATION INC., including the Plaintiff.
17. At all relevant times hereto, Defendants HAI WANG, ZEMEI WANG and JILIN ZHONG have the exclusive final power to hire the employees of HAIAN HONEST RENOVATION INC., including the Plaintiff.
18. At all relevant times hereto, Defendants HAI WANG, ZEMEI WANG and JILIN ZHONG have the exclusive final power over the firing and terminating of the employees of HAIAN HONEST RENOVATION INC., including Plaintiff.

19. At all relevant times hereto, Defendants HAI WANG, ZEMEI WANG and JILIN ZHONG are responsible for determining, establishing, and paying the wages of all employees of HAIAN HONEST RENOVATION INC., including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

20. Accordingly, at all relevant times hereto, Defendants HAIAN HONEST RENOVATION INC. and HAI WANG, ZEMEI WANG and JILIN ZHONG were Plaintiff's employers within the meaning and the intent of the FLSA, and the NYLL.

## RELEVANT STATUTORY PERIOD

21. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in December 2024, the relevant statutory period for Plaintiff' claims asserted herein encompasses the entirety of the period spanning December 2018 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

22. Plaintiff CARLOS ALBERTO QUITO LLIGUICOTA was employed by Defendants at HAIAN HONEST RENOVATION INC., as a construction worker, demolition worker and concrete worker, while performing related miscellaneous duties for the Defendants, from in or around June 2018 until in or around November 2024.

23. During the relevant statutory period, Plaintiff CARLOS ALBERTO QUITO LLIGUICOTA regularly worked six (6) days per week.

24. During the relevant statutory period, Plaintiff regularly worked a schedule of shifts beginning at approximately 6:30 a.m. each workday and regularly ending at approximately 6:00 p.m. or later, six (6) days per week.

25. Thus, Plaintiff was regularly required to work approximately sixty-nine (69) hours per week, from in or around December 2018 until in or around November 2024.

26. Plaintiff was paid by the Defendants a flat daily rate of approximately:

    i.   $160.00 per day from in or around December 2018;
    ii.  $165.00 per day from in or around January 2019 until in or around December 2019;

4

    iii. $170.00 per day from in or around January 2020 until in or around December 2021; and

    iv. $175.00 per day from in or around January 2022 until in or around November 2024.

27. Defendants failed to pay Plaintiff CARLOS ALBERTO QUITO LLIGUICOTA the legally prescribed minimum wage for all his hours worked from in or around January 2019 until in or around December 2021 and from in or around January 2024 until in or around November 2024, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

28. Although Plaintiff worked approximately sixty-nine (69) hours per week during the relevant statutory period, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

29. Plaintiff was paid by Defendants on a weekly basis from the time of his hire until December 2022. However, beginning in January 2023, Defendants started making late payments to Plaintiff without explanation or notice until in or around November 2024.

30. Beginning in January 2023, Plaintiff started receiving his wages on a bi-weekly basis and on some occasions, every three weeks or once per month.

31. Defendants paid Plaintiff -a manual laborer - on a bi-weekly basis (or with even less frequency), failing to timely pay Plaintiff for his first week of wages for the period of January 2023 until November 2024, and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay Plaintiff on a weekly basis.

32. Furthermore, Plaintiff was not compensated at all by the Defendants for his last four days of work.

33. Due to Defendants' late and non-payments, Plaintiff suffered and experienced a myriad of financial difficulties specifically in covering his regular expenses such as utility bills, food, transportation, and other expenses.

34. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

35. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.
36. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.
37. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.
38. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings this action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.
40. Collective Class: All persons who are or have been employed by the Defendants as construction workers, demolition workers, concrete workers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.
41. Upon information and belief, Defendants employed approximately 10 or more employees within the relevant time period who were subjected to similar payment structures.

6

42. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

43. Defendants' unlawful conduct has been widespread, repeated, and consistent.

44. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

45. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

46. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

47. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

48. The claims of Plaintiff are typical of the claims of the putative class.

49. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

50. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

53. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

54. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

55. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

56. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

57. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

58. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

60. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

61. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

62. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

63. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

64. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

65. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

66. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

67. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

68. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

71. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

72. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated

damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FIFTH CAUSE OF ACTION
## Unpaid Wages Under The New York Labor Law

73. Plaintiff incorporates by reference all allegations in all preceding paragraphs.
74. At all times relevant to this action, Plaintiff were employed by Defendants within the meaning of New York Labor Law §§2 and 651.
75. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.
76. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## SIXTH CAUSE OF ACTION
## Violation of Frequency of Pay Under New York Labor Law

77. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.
78. Defendants willfully violated the rights of Plaintiff by failing to pay her wages owed on a weekly basis in which her wages were earned, in violation of New York Labor Law § 191.
79. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.
80. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## SEVENTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

81. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

82. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

83. Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## EIGHT CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

84. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

85. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

86. Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's unpaid minimum wages;

d. Awarding Plaintiff's unpaid wages;

e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiff's unpaid wages for Defendants' failure to timely pay Plaintiff's wages;

g. Awarding Plaintiff prejudgment and post-judgment interest;

    h.  Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

    i.  Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: December 13, 2024
       Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLOS ALBERTO QUITO LLIGUICOTA, individually and on behalf of all others similarly situated,

                              Plaintiff,

    -against-

HAIAN HONEST RENOVATION INC., and HAI WANG, ZEMEI WANG and JILIN ZHONG, as individuals,

                              Defendants.

## COLLECTIVE ACTION COMPLAINT

                HELEN F. DALTON & ASSOCIATES, P.C.
                      *Attorneys for Plaintiff*
                      80-02 Kew Gardens Road, Suite 601
                      Kew Gardens, New York 11415
                      Phone (718) 263-9591
                      Fax (718) 263-9598

To:

*Service via Secretary of State and Personal Service:*
**HAIAN HONEST RENOVATION INC.  (DOS ID: 5402010)**
41-85 Frame Pl, Bsmt, Flushing, NY 11355

**HAI WANG**
41-85 Frame Pl, Bsmt, Flushing, NY 11355
**ZEMEI WANG**
41-85 Frame Pl, Bsmt, Flushing, NY 11355
**JILIN ZHONG**
41-85 Frame Pl, Bsmt, Flushing, NY 11355